82 U.S. 539
 21 L.Ed. 228
 15 Wall. 539
 DEITSCH
v.
WIGGINS.
 December Term, 1872
 
 ERROR to the Supreme Court of the Territory of Colorado.
 The 21st Rule of this court, as amended November 16th, 1872, and made operative from the first of the following January,* prescribes that the brief of counsel for the plaintiff in error shall contain:
 i. A concise abstract or statement of the case presenting succinctly the questions involved, and the manner in which they are raised.
 ii. An assignment of the errors relied on, which in cases brought up by writ of error, shall set out separately and specifically each error asserted and intended to be urged.
 The same rule, as amended, further says:
 § 5. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis; whether it be instructions given or instructions refused.
 § 6. When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected.
 With this rule in force from January 1st, 1873 (and copies having been sent by the clerk of the court to counsel), the present case came on to be heard March the 14th following; and on being called was submitted on the record, with leave to file briefs by the 17th.
 The brief for the plaintiff in error, made in this form its
 STATEMENT OF THE CASE.
 'This was an action of trespass de bonis asportatis, brought by H. B. Wiggins, David Nash & Henry Nash, partners under the name of Nash, Wiggins & Co., against W. Z. Cozzens (sheriff), Moritz Deitsch, the plaintiff in error, Isadore Deitsch, and Jonas Deitsch. (See Declaration, pp. 3 and 4 of Record.)
 'Process was served on all of the defendants excepting Jonas Deitsch; as to him there was a return of 'not found.' (Record, p. 3.) The defendants served with process pleaded:
 '1st. The general issue, and there was joinder thereon.
 '2d. A special plea, alleging in substance that Cozzens, the sheriff, took the goods mentioned in the declaration by virtue of a writ of attachment sued out by his codefendants against the firm of O. S. Buell & Co. (Record, pp. 4 and 5.)'**
 'The plaintiff replied:
 '1st. By taking issue upon the right of property of Buell & Co. in the goods, on the 6th of May, 1867. (Record, pp. 5 and 6.)
 '2d. Upon the right of property of Buell & Co., on the 4th May, 1867. (Record, pp. 6 and 7.)
 '3d. They denied the issuance of the writ of attachment on the 3d May, 1867, returnable 6th July, 1867, and deny the levy of the same.
 'On these pleadings the issues were closed. (Record, p. 7.) There was a trial by jury and a verdict of guilty against Cozzens (sheriff) and Moritz Deitsch, the plaintiff in error, damages assessed at $2315.90. (Record, p. 7.) It may be noted at this point that one of the defendants, Jonas Deitsch, disappears from the cause, so far as this record is concerned, and unless the entry on page 7 of the record is to be construed as an appearance in his behalf and another defendant, Isadore Deitsch, for whom there was an appearance and plea and issue joined, was dropped from the cause without a verdict for or against him. (Record, p. 7.)
 'On page 8 of the record, the court render a judgment in his favor for cost, but there does not appear to be any verdict to support the judgment. Cozzens and Moritz Deitsch moved for a new trial, and their motion was overruled, and they each separately appealed to the Supreme Court of the Territory of Colorado. (Record, pp. 8 and 9.) A bill of exceptions sets out the evidence. (Record, pp. 9, 15.) Another bill of exceptions shows the rejection of sundry matters of testimony offered by the defendants, and ruled out by the court. (Record, pp. 15, 19.) Exceptions were also taken to certain instructions given by the court, and certain instructions refused. (Record, pp. 19 and 20.) The Supreme Court of the Territory affirmed the judgment of the inferior court. (Record, p. 22.) From the judgment of the Supreme Court of the Territory a writ of error is prosecuted in due form. (Record, pp. 24 to 27.)'
 The brief then thus presented an
 ASSIGNMENT OF ERRORS.
 'Error. The Supreme Court of the Territory of Colorado erred
 'In affirming the judgment of the inferior court of said Territory, which judgment was erroneous in the following particulars:
 '1st. In refusing a new trial upon the evidence contained in the record; 2d, in admitting testimony improperly, and in rejecting testimony improperly, as shown by the bills of exception and specifically as follows:
 'In excluding testimony tending to show that the plaintiffs below closed up their business shortly after the levy, and how long they continued in business after the levy. (Record, p. 10.)
 'In excluding evidence as to what was said and what occurred between Nash, one of the plaintiffs below, and Cozzens, one of the defendants below, at plaintiff's store when the goods were invoiced. (Record, p. 10, last paragraph.)
 'In excluding testimony as to what was the occupation of Cozzens (sheriff), one of the defendants, at the time he took the goods, and the reasons he gave for taking them. (Record, p. 1.)
 'In overruling the offer of defendants below to prove that the goods taken were a part of the stock of the merchandise of O. S. Buell, who transacted business under the style of O. S. Buell & Co., and that the witness, C. E. Sherman, was the clerk of said O. S. Buell for the space of about six months prior to the 4th day of May, 1867; that for two or three months prior to the 2d or 6th day of May, A.D. 1867, the said O. S. Buell was absent from the said Territory of Colorado; that during the absence of said Buell, said Sherman was the clerk of said Buell to carry on the regular business of said Buell, in Central City, Gilpin County, Colorado Territory, which was retailing clothing and merchandising; that the said Sherman had no right or authority whatever to sell or dispose of the entire stock of goods of said Buell, but was only authorized to sell in the regular course of business; that on the 29th of April, 1867, J. Q. Nash, agent of the plaintiff, well knowing that said Sherman was not authorized to sell the entire stock of goods, fraudulently agreed, combined, and confederated with the said Sherman to make a pretended purchase of the entire stock of goods for the purpose of hindering, delaying, and defrauding the defendants, Moritz Deitsch, Isadore Deitsch, and Jonas Deitsch, defendants herein, and other creditors; that the said Nash well knew that the said Jonas Deitsch, Moritz Deitsch, and Isadore Deitsch, defendants, were creditors of said Buell to a large amount, and that such sale was designed by him to cheat, hinder, and defraud said defendants; that said stock of goods was well worth the sum of $10,000, but was sold to said Nash, Wiggins & Co. for a grossly inadequate sum; that whatever money was paid, if any, or securities given, if any, were so cancelled, smuggled, and arranged to protect and place it beyond the reach of defendants and for the benefit of the said Buell, Nash, Wiggins & Co., and J. Q. Nash and said Sherman. (Record, p. 15.)
 'In excluding the evidence of the attachment proceedings against O. S. Buell & Co. (Record, pp. 15-18.)
 'In instructions of the court given to the jury and the instructions refused. (Record, pp. 19 and 20.)'
 The brief then concluded thus, with
 POINTS AND ARGUMENT FOR THE PLAINTIFF IN ERROR.
 'The points and argument are sufficiently developed in the statement of the case and the assignment of errors, and it would be but repetition to state them in a different form. The rulings of the court of original jurisdiction were clearly erroneous in admitting improper testimony, in excluding testimony that was legitimate and proper, and in its instructions to the jury given and refused.
 'In the narrative contained in the foregoing statement this court will note some irregularities, but how far they can benefit this plaintiff in his present suit the undersigned pretends not to say. The matters referred to are these: The rendition of a judgment for costs in favor of Isadore Deitsch after an issue joined without any verdict upon that issue. (Record, pp. 7 and 8.) The disappearance from the record of the proceedings of Jonas Deitsch after a return of 'not found,' without even a continuance or a nol. pros.; the sheriff's return as to him, is on page 3 of the record. These are mere matters of form, yet the forms of judicial proceedings often become matters of substance. It is, however, confidently believed that the refusal to allow the official character of the sheriff's proceedings to be proved, and the res gestae at the time of the seizure in their entirety, will be conclusive of this case. Furthermore, it is insisted that the paragraph on page 19 of the record, from the judge's charge, in the following words, is a fatal error: 'If the jury believe from the evidence that, at the time defendant, Cozzens, was packing up the goods and chattels mentioned in the declaration, Moritz Deitsch was there assisting in selecting the same, without consent of plaintiffs, then he was guilty of trespass, and if he had the consent of the said plaintiffs, it is incumbent on the defendant, Deitsch, to prove such consent.'
 'That paragraph should have been qualified under all the circumstances of the case by words to show that assisting a sheriff in the execution of process was not trespass.'
 The brief for the defendant in error argued the case just as if the brief of the plaintiff in error (which when the former brief was filed had not apparently been yet seen), had been in strict conformity with the 21st Rule; the counsel for the defendant in error, who prepared it, getting the whole of the plaintiff in error's case out of the record, and anticipating or conjecturing the argument which would be made upon it.
 As respected the special plea, this brief argued that being joint it was defective for several reasons, and among them:
 1st. In not alleging that the Deitsches were creditors of O. S. Buell & Co., against whom they had a subsisting debt.
 2d. In not making an allegation that the Deitsches did the acts complained of, under the direction of the sheriff, &c., nor any attempt to justify the act on the part of any one except Cozzens.
 3d. In not making any allegation that the writ of attachment had been returned; for if (it was argued) the returnday had passed before the special plea was filed, the officer justifying under the writ should allege a return; since if he did not return it he was a trespasser, even if the goods were the property of Buell & Co.
 Mr. J. Hughes, for the plaintiff in error; Messrs. Chipman and Hosmer, contra.
 Mr. Justice STRONG delivered the opinion of the court.
 
 
 1
 Most of the assignments of error have been made in total disregard of the twenty-first rule of this court. That rule is necessary to the disposition of the business which presses upon us, and it is our intention hereafter to enforce strict compliance with its demands. If errors are not assigned in the manner required, the assignments will be treated as if not made at all, and we feel justified in passing without notice the greater number of those which are alleged to appear in this record. There are, however, some of the assignments which, though not made in full conformity with the rule, we think it is proper for us to consider.
 
 
 2
 The action was trespass 'de bonis asportatis,' and the plaintiffs in the court below averred 'properly' in the goods in themselves. The declaration was met by a plea of the general issue, and by a special plea alleging that the property in the goods was in O. S. Buell & Co., and that the alleged trespass consisted in a sheriff's seizure under an attachment issued out of the District Court of Gilpin County at the suit of Deitsch & Brothers. The special plea was in some respects informal, but instead of demurring, the plaintiffs traversed its averments, and the parties went to trial on the issues thus formed. It was then a material inquiry whether the ownership of the goods was in the plaintiffs when the seizure was made, or whether it was in O. S. Buell & Co., and to that inquiry the evidence offered by the defendants, that they had belonged to Buell & Co., that during the absence of the firm from the Territory, their clerk, without authority, and in fraudulent combination with the plaintiffs' agent, had made a sale of them to the plaintiffs, was undoubtedly pertinent. If there was no authority to sell, plainly the plaintiffs had acquired no title. And if the sale was a fraud upon the creditors of Buell & Co., the goods were liable to an attachment at the suit of those creditors. It was an error, therefore, to exclude the evidence.
 
 
 3
 The attachment should also have been received in connection with the proof of the unauthorized and fraudulent sale. It is no sufficient objection to it that it did not itself prove all the facts necessary to constitute a complete defence. It is said the special plea averring the attachment was bad. If so, it should have been met by a demurrer. But we think the plea contained all the averments essential to a justification, and had the facts set forth in it been established, a recovery by the plaintiffs below would have been impossible.
 
 
 4
 There are other errors apparent in the record, but as they are not properly assigned we pass them without notice.
 
 
 5
 JUDGMENT REVERSED, AND A VENIRE DE NOVO DIRECTED.
 
 
 
 *
 14 Wallace, 11.
 
 
 **
 The plea, which, as it stood in its exact averments, is referred to by this court in its opinion, was thus:
 'And the said defendants, for a further plea in this behalf, according to the form of the statute in such case made and provided, say actio non; because they say that the goods and chattels in the said plaintiffs' declaration mentioned, at the time mentioned in the said declaration, to wit, the 4th day of May, A.D. 1867, were the goods and chattels of the firm of O. S. Buell & Co., a firm composed of O. S. Buell and other persons to these defendants unknown.
 'And the said defendants aver that, heretofore, to wit, on the 3d day of May, A.D. 1867, a writ of attachment was issued out of the said District Court of Gilpin County aforesaid, at the suit of Moritz Deitsch, in favor of the said Moritz Deitsch, Isadore Deitsch, and Jonas Deitsch, partners doing business under the name and style of Deitsch & Brothers, directed to the sheriff of said Gilpin County; which said writ commanded the said sheriff to attach so much of the estate, real and personal, of the said O. S. Buell & Co. to be found in his county, to wit, the said county of Gilpin, as should be of value sufficient to satisfy the sum of $1478 and costs; and such estate so attached in his hands to secure, so as to provide that the same might be liable to further proceeding according to law, at a court to be holden at the city of Central, for the said county of Gilpin, upon the second Tuesday of July, 1867, so as to compel the said O. W. Buell & Co. to appear and answer the complaint of the said Moritz, Isadore, and Jonas Deitsch, which said writ of attachment was duly signed and attested by the clerk of said court, and sealed with the seal of said court, and stamped and cancelled in accordance with the revenue law of the United States.
 'And the said defendants further aver that at the time the said writ of attachment was issued as aforesaid, to wit, on the 3d day of May, A.D. 1867, W. Z. Cozzens, one of these defendants, was sheriff of said county of Gilpin,
 duly elected and qualified, and acting as such, and was required and authorized to execute all writs and process issued out of and by the said District Court of said Gilpin County, directed to the sheriff of said county, and that on the said last-named day, the said writ of attachment was duly delivered to him, and that, on the said 4th day of May, A.D. 1867, he executed the said writ by levying upon and taking possession of the goods and chattels in the said declaration mentioned, as the property of the said O. S. Buell &
 Co., under and by virtue of said writ of attachment—which are the said several supposed trespasses in the said plaintiffs' declaration mentioned—as the said Cozzens might lawfully do; and this the said defendants are ready to verify. Wherefore they pray judgment, &c.'-