## McCRAW v. WELCH.

PLEADING IN REPLEVIN — *officer justifying under attachment writ.* In replevin against a constable who held the goods in controversy as the property of a third person under a writ of attachment, the defendant justified under that writ, and after verdict it was objected that it was not alleged in the plea that a debt was due from the attachment defendant to the plaintiff; *held,*

1. That if such averment was necessary, an allegation in the plea, that the attachment was for $250, that the writ was at the time of the levy in full force and effect, and that the amount claimed was unpaid, was sufficient after verdict.

2. That the defendant having also pleaded property in the attachment defendant, he was at liberty to put in the same defense under that plea.

*And in such action* it is not necessary that the defendant should aver in his plea of justification or prove at the trial that the writ of attachment was duly returned, or that there was cause for suing out the attachment.

ATTACHMENT — *statement of grounds for, in affidavit.* A charge in an affidavit for attachment that the defendant " is converting or is about to convert his property into money, or is otherwise about to dispose of his property with the intent of placing it beyond the reach " of his creditor, is a statement of but one cause of attachment under the act (R. S. 53), and not of several causes in the alternative.

The charge that the defendant would otherwise dispose of his property with the intent named is too general, and cannot be regarded as a ground for attachment.

ATTACHMENT — *amendment of bond — effect.* If, upon issuing an attachment, a
defective bond be filed and approved, and subsequently a good bond is
filed and approved by way of amendment, pursuant to section 8 of the act
(R. S. 55), the proceeding thereby becomes valid from the beginning.

EVIDENCE — *original and amended bonds in attachment.* And in a collateral
suit, both the original and amended bonds may be received in evidence, to
show the regularity of the attachment proceedings.

PRACTICE — *ground of objection to testimony should be stated.* An objection to
testimony which may be obviated by the production of further testimony
should be distinctly stated at the time the objection is made.

*Therefore,* an objection that the official charater of a J. P., who issued a writ
of attachment, and of the constable who executed it, was not shown before
offering the writ, and other papers in the attachment suit, is not presented
by a general objection in the court below to such papers.

EVIDENCE *as to official character of J. P. and constable.* And when received,
the writ of attachment and return thereto, afforded some evidence of the
official character of the justice and constable, sufficient, *prima facie,* to
warrant the finding of the fact.

STATUTE OF FRAUDS — *sale void for non-delivery.* A sale of goods which is
not accompanied by immediate delivery, and followed by actual and con-
tinued change of possession, as required by section 14 of the Statute of
Frauds (R. S. 339), is void as against the creditors of the vendor.

EVIDENCE — *as to matters occurring after suit brought.* In replevin against a
constable who holds the goods in controversy, as the property of a third
person, under a writ of attachment, evidence is not admissible, on behalf
of the plaintiff, to show that the attachment was dissolved after the re-
plevin was brought.

### *Error to District Court, Gilpin County.*

CHARLES C. WELCH brought replevin in the district
court of Gilpin county against Hugh McCraw, for certain
goods and chattels alleged to be of the value of $200. The
writ was issued August 20, 1870, and the declaration was in
the *cepit* and *detinet.* The defendant pleaded:

1. *Non-detinet.*

2. Property in Frank O. Sawin.

3. That at the said time when, etc., he, the defendant, was
a constable of Gilpin county; that on the 13th day of
August, 1870, a writ of attachment, issued by Mather, a
justice of the peace, at the suit of John W. Hickman and
against Frank O. Sawin, came to his hands; that the writ
was issued upon affidavit, bond and security as required
by law; that it was for the sum of $250, and was "then

and there in full force and effect, and the amount claimed by said plaintiff, Hickman, was unpaid ; " that on the 15th day of August, 1870, he levied the writ upon the goods and chattels in the declaration mentioned as the property of the said Frank O. Sawin ; that the said goods and chattels were the property of said Sawin, and were subject to levy, and not the property of the plaintiff, etc.

Issue was joined upon these pleas, and the trial was had before a jury.

At the trial the plaintiff testified in his own behalf, that he bought the goods of Sawin on the 16th of July, 1870, and took a bill of sale for them ; that Sawin was his tenant and he took the goods for rent ; upon cross-examination he stated that the goods were not removed from the building occupied by Sawin, and that after the sale they were used by the latter in the same manner as before.

Defendant gave in evidence that the goods were in possession of Sawin at the time they were taken by McCraw. The defendant also offered an affidavit, original and amended bond, writ of attachment and return thereto, which appeared to be of the files in the case of John W. Hickman against Frank O. Sawin, before Charles W. Mather, a justice of the peace. The only evidence of this, however, was the file mark, the approval of the bonds by the justice, the signature to the writ of attachment, and to the return of the constable indorsed thereon. The original attachment bond which appeared to be filed August 13, 1870, had not the condition to pay damages caused by an excessive levy as required by the statute. R. S. 55. The amended bond was, apparently, given to cure this defect, and appeared to be filed and approved August 31, 1870. The plaintiff objected to the bond of August 13, 1870, because not conditioned as the law provides, and to all the papers for incompetency. The objection was overruled and papers were read in evidence. The return to the writ of attachment was of a levy on goods, such as those described in the declaration as the property of F. O. Sawin, it was signed Hugh McCraw, constable. The defendant also gave in evidence that at

the time the attachment suit was begun, Sawin was indebted to Hickman in the sum of $250. The plaintiff, in rebuttal, produced the docket of Charles W. Mather, justice of the peace, and proposed to read therefrom a judgment dissolving the attachment in the suit of Hickman against Sawin, which appeared to be dated August 31, 1870. The defendant objected that this was after the commencement of the replevin suit, the writ in this cause having been issued on the 20th of August, but the court overruled the objection, and the docket entry was read. The judgment was for the plaintiff, and the defendant sued out this writ of error.

Mr. Justice WELLS took no part in the decision.

Mr. I. N. WILCOXEN, for plaintiff in error.

Mr. WILLARD TELLER, for defendant in error.

HALLETT, C. J. This was an action of replevin in which plaintiff in error justified the seizure of the goods replevied under a writ of attachment issued by a justice of the peace, at the suit of John W. Hickman against Frank O. Sawin. Defendant in error claimed by purchase from Sawin made before the levy of the attachment. The goods were in the possession of Sawin at the time the attachment was levied, and it is urged that the sale to defendant in error was void as against creditors of Sawin, under the 14th section of the statute of frauds. That there was no change of possession at the time of the sale as required by that statute is clear upon the evidence, and the controversy turns upon the sufficiency of the plea of justification, and the regularity of the proceedings in the attachment suit. It is claimed that it was necessary to aver and prove a debt due from Sawin to Hickman, in order to show that plaintiff in error was acting for a creditor of the former, and that the plea of justification contains no sufficient averment of that nature. Of this, however, there may be some doubt, for in an action of trespass by the vendee of a defendant in attachment against the officer who levied the writ of attachment, and the creditor

who prosecuted it, the supreme court of the United States recently decided that such an averment was unnecessary. *Deitsch* v. *Wiggins*, 15 Wall. 539.

The principle upon which that case was decided is equally applicable to this form of action, and since we must accept the rule as of the highest authority, I can see no reason why it should not be adopted here. But it is not necessary to decide the point in this case, since the averment of indebtedness from Sawin to Hickman, although somewhat ambiguous and inaccurate, is probably sufficient upon issue of fact joined. The allegation in the plea is that the writ of attachment was for $250, and the amount claimed by Hickman was unpaid, which would hardly stand the test of a demurrer, but may be sufficient after verdict. It may be observed also that under the plea of property in Sawin the evidence offered by plaintiff in error was admissible whether the plea of justification was good or bad. *Quincy* v. *Hall*, 1 Pick. 357.

Upon the trial the evidence was full upon the point of the indebtedness, so that it is correct to say that the fact was averred and proved, if that was necessary to the defense· There is no averment in the plea that the writ of attachment had been returned by plaintiff in error; but this, according to the case above cited, was altogether unnecessary. Upon this point a different view has been entertained, and expressed in this court, but the authority of the case cited is controlling—so also upon the same authority it was unnecessary that plaintiff in error should aver in his plea, or prove at the trial, the ground upon which the attachment was issued, and so we held in *Berry* v. *Hart*, 1 Col. 246. It would be manifestly unjust to require an officer who must execute process regular on its face, to prove that the matters alleged by the plaintiff as a ground for issuing the writ were truly stated. Of the truth of those matters the officer usually has no knowledge, nor can he, upon receiving the writ, refuse obedience, until the truth of them can be ascertained.

The language of the affidavit as to the ground of the at-

tachment is slightly variant from that of the writ, but the variance has not been noticed in argument, and is not apparently relied upon. But it is urged that several causes of attachment are distinctly alleged, and that both the affidavit and writ are therein substantially defective. It is true that the statement of two or more distinct grounds of attachment in such manner that it is impossible to determine which one of them is relied upon, will not be allowed, but this proceeding does not present a case of that character. The allegation is " that said Frank O. Sawin is converting, or is about to convert his property into money, or is otherwise about to dispose of his property with the intent of placing it beyond the reach of said John W. Hickman & Co.," and this, according to the authorities, is not a statement of several distinct facts of different natures, but of several phases of the same fact. Drake on Attachment, § 102; *Kluck* v. *Schwohn*, 19 Wis. 112. The difficulty of ascertaining whether a creditor is converting or is about to convert his property into money, or is about to dispose of his property in some other manner, with the intent named, is regarded as sufficient to excuse the creditor from making a more specific statement. The substantial fact is that the debtor is about to place his property beyond the reach of the creditor, and the manner in which this will be accomplished cannot always be certainly known. Probably the averment that the debtor would otherwise dispose of his property is too general to be of service to the party making it, and should not be regarded as a ground of attachment. If the debtor is concealing his property, or conveying it beyond the jurisdiction, or dissipating it in any other manner, with the required intent, the creditor should state the fact. But whether we regard this as a substantial averment, or confine our observations to the other allegations in the affidavit, under the rule referred to, the objection to the affidavit and writ is untenable. Whether an officer may justify under a writ of attachment issued by a justice of the peace, which is in due form, but without showing that the writ was founded upon the affidavit, and bond required by

the statute, is, upon authority, a question of some difficulty. If a writ is issued without affidavit, and there is no service or appearance in the action, it appears to be settled that the court has no jurisdiction of person or property.    Drake on Attachment, § 86, *et seq.*    And where the court exceeds its jurisdiction, it has been said that regular process will not protect the officer who executes it.    *Wise* v. *Withers*, 3 Cranch, 331 ; *Dynes* v. *Hoover*, 20 How. 65.    In the late case of *Erskine* v. *Hohnback*, 14 Wall. 613, the same point was not presented, but the language of the court would seem to support the doctrine that process fair on its face, and showing no departure from the law, or defect of jurisdiction over the person or property affected by it, will protect the officer executing it, and justify the seizure and detention of property under it.    This I understand to be the doctrine of the cases cited by Mr. Justice FIELD, and of *Barnes* v. *Barber*, 1 Gil. 401.    In the case at bar it does not appear to be necessary to enter into this distinction, for both the affidavit and bond in attachment were given in evidence upon the trial in the court below.    The bond first taken by the justice of the peace was, in some respects, defective, but the defects were cured by amendment, which, by relation to the commencement of the suit, would validate the proceedings throughout.    The first bond filed with the justice was properly received, notwithstanding the defect in the condition, in order that it might appear that there was an attempt to comply with the statute at the commencement of the suit, and the amended bond, designed to supply defects in the first, was receivable to show that the statute had been obeyed.

A settled rule of practice requires that objections to the admission of testimony which may be obviated by the production of further testimony, shall be distinctly presented at the time the objectionable testimony is offered.    *Cody* v. *Butterfield*, 1 Col. 377.    Of this nature is the objection that the official character of the justice and constable was not in evidence when the writ of attachment and the return thereto, the bond and affidavit in attachment were received in

evidence. The general objection made to the papers in the court below cannot be regarded as presenting that point in this court, and when those papers were received, they furnished evidence of the official character of the justice and constable, sufficient, *prima facie*, for the consideration of the jury. The writ tested in the name of Mather, as justice of the peace, and the return thereto, signed by plaintiff in error as constable, may be regarded as the declarations of those parties put in evidence without objection from defendant in error, and as such they were entitled to consideration. A witness also testified, that plaintiff in error had been acting as constable, but as he did not state when he so acted, the evidence was of little value. Defendant in error put in evidence the record of the trial before the justice, which was attested in Mather's name, thus contributing to the evidence of his official character. Upon the whole, we think that there was evidence of the official character of the justice and constable, which, in the absence of opposing evidence, should have been accepted by the jury as sufficient to establish the fact, and that the other points in the case for plaintiff in error were clearly made out. That the sale by Sawin to defendant in error was not followed by actual and continual change of possession, as required by the 14th section of the Statute of Frauds, is very clear, and there is little room for doubt upon any essential point in the case. No question was made in the argument as to whether plaintiff in error was required to prove that he was an officer, *de jure*, at the time of levying the writ of attachment, and at the commencement of this suit, probably because the opposite view appears to have been sanctioned in *Deitsch* v. *Wiggins, supra*. The evidence to show that the attachment was dissolved after the property was replieved could not have been material to the issue, as the right of the parties at the commencement of the replevin suit, and not afterward, was the question to be tried. This evidence should have been excluded.

The judgment of the district court is reversed with costs, and the cause is remanded for a new trial.      *Reversed.*