ELECTA A. STEWART v. JAMES H. BROWN.

*Parol evidence of contents of lost bill of sale—Evidence of conversation as bearing on adjustment of claim—Tender to assignee of chattel mortgage.*

Where the ownership of chattels is disputed and one of the parties testifies to having had a bill of sale of them which was lost, it is within the discretion of the trial judge to permit the witness to be asked what property it conveyed, though it would be better to ask for its contents; the other party could cross-examine into all particulars.

A chattel mortgage was transferred for half its face to a third person who refused a tender covering the amount he had paid, with interest, and who seized and sold the property under the mortgage. Trover was brought for it, the question being whether the transferee took the mortgage as absolute assignee with all rights, or whether half the debt had been abated. There was evidence that the mortgagee had offered the mortgager to take fifty cents on the dollar and that the mortgager undertook to raise the money by giving a new mortgage to defendant, but that in his absence defendant had paid it over to the mortgagee and had taken an assignment. *Held* proper for plaintiff to show the conversation between the mortgager and mortgagee preceding the assignment as bearing upon defendant's connection with the case and the mode of adjusting the claim.

Where a mortgagee of chattels after abating his claim assigns the mortgage to a third person who pays him what he demands, and the assignee holds the mortgage for the amount that he has paid with interest, a tender of that amount will discharge the lien and give the mortgager plenary right of possession which will not depend on keeping the tender good.

Error to the Superior Court of Grand Rapids.    Submitted April 13.    Decided June 7.

TROVER.    Defendant brings error.    Affirmed.

*J. W. & O. C. Ransom* for appellant.

*Edward W. Withey* for appellee.

GRAVES, C. J.    In January, 1879, the plaintiff and her husband William H. Stewart, who is now deceased, were indebted on note and chattel mortgage to Neil Stewart in the sum of $600.    The property mortgaged consisted of certain farm and dairy stock and various inanimate chattels. On the 20th of that month the mortgagee assigned the mortgage to defendant Brown for $300, and on the 4th of April following Mrs. Stewart tendered him through Mr. Makin $311 to cancel the mortgage, and the offer was refused.    In the fore part of May the defendant took the property and sold it on the mortgage and Mrs. Stewart brought this action of trover and was allowed to recover the value.    Brown insists that several rulings at the trial were erroneous and he asks to have them reviewed on writ of error and bill of exceptions.

At the time the mortgage was given the property was in part owned by the plaintiff and in part by her husband, and it was a portion of her case to show that she subsequently became vested with her husband's interest.    In respect to this branch of the cause she gave evidence that her husband made her a bill of sale and that the instrument was lost. She was then asked what property it conveyed and the defendant objected on the ground that the question called for the witness' conclusions ; and observed, that if it was proper for her to testify on the subject at all, she should be required to state as near as she could what the paper contained.    The objection was overruled and the witness replied, that it was the property that was in the mortgage. The defendant then moved to strike out the answer on the ground that it was not responsive to the question, and this was refused.    Error is assigned on these rulings.

It was the manifest object of this inquiry to make out that the bill of sale applied in fact to the husband's interest in the mortgaged property and the question and answer went directly to the result. The method was one of short-hand to show the fact to be proved. It would have been more in accord with practice and the better way to have called for the contents of the paper. But we cannot say it was not within the discretion of the trial judge to permit the examination in the form which was pursued, the defendant having the right to go into all particulars by cross-examination. There is no reason to conclude that the latter suffered the least detriment.

The contention between the parties involved conflicting theories. The plaintiff claimed that the mortgagee pressed for payment, but finally consented to accept fifty cents on the dollar or $300 in satisfaction of the debt, and that her husband thereupon resorted to Brown to advance that sum and that the latter agreed to do it and take a new mortgage for the advance on all the property, with some specific exceptions, payable on the first of April with interest at twenty per cent. That the parties were to meet at an attorney's office on the 20th of January to consummate the arrangement and that she and her husband went there for the purpose, but found that the mortgagee, who was in a hurry to leave for home on the morning train of cars, had already assigned the mortgage to Brown before their arrival and received from him the agreed sum of $300. That Brown then acknowledged that the transaction merely secured him for the $300 and interest at twenty per cent. and claimed that the matter might as well rest as it then was as in any other shape and declined to receive a new mortgage. The defendant on the other hand denied that he took the mortgage in any other way than as *absolute assignee*, and insisted that he purchased it without being trammelled by conditions and on the terms of being entitled to get the entire debt if he could without any abatement.

The mortgagee, Neil Stewart, testified that about the time

of the assignment of the mortgage and on the day preceding, he had a conversation on the subject with plaintiff's husband. He was then asked to state the conversation, and defendant objected. Plaintiff's counsel explained that the inquiry was merely introductory to what immediately followed on substantially the same occasion; and that the purpose was to show that it led to the defendant's connection with the adjustment of the mortgage claim, and how it was that he became a party to the transaction, and what in fact the transaction was. The defendant's counsel still insisted on the objection and explained that the ground of it was that defendant was not present.

The point was overruled and the witness proceeded to say in substance among other things that he told plaintiff's husband he would accept $300 in satisfaction of the mortgage, and that the latter then observed that he thought he could get a man "to take it," and went out; and in a short time returned accompanied by defendant. That the business was resumed and defendant entered into the conversation and said finally that he would look at the property and if he found it satisfactory he would go into the arrangement, and that it was then agreed that all the parties should meet the next morning at an attorney's office and close up the business.

No error was committed here. The conversation objected to was very closely connected with the facts in issue if not in itself an actual part of the *res gestæ*. It was matter necessary to explain how it was that Brown came to be a party to what was done, and it belonged to those connected and illustrating facts which a full and just understanding of the case explicitly called for. Stephens Ev. art. 9; 1 Starkie Ev. 88–92; *Deitsch v. Wiggins* 15 Wall. 539; *Crocker v. Lewis* 3 Sumn. 1.

The objection that the tender was not good because the amount was less than the sum *prima facie* due is fallacious. It begs the question and assumes that the defendant actually held the mortgage for the whole $600 and interest. But this was the material point in dispute and the jury rejected

the defendant's version and found in favor of the explanation of the plaintiff and therefore that the mortgage was received and held by Brown for no more than $300 and interest. And no argument can be required to prove that it was unnecessary to offer more than the property was held for in order to effect its release. When the tender was refused the lien was discharged and the mortgage gave no right thereafter to disturb her possession. Her right to the property was rendered plenary and was not dependent at all on the tender being kept good. All objections concerning this branch of the case are fully answered by our own decisions. *Fuller v. Parrish* 3 Mich. 211; *Moynahan v. Moore* 9 Mich. 1; *Caruthers v. Humphrey* 12 Mich. 270; *Van Husan v. Kanouse* 13 Mich. 303; *Eslow v. Mitchell* 26 Mich. 500; *Sager v. Tupper* 35 Mich. 134; *Johnson v. Cranage* 45 Mich. 14.

It would be a waste of time to dwell on the comments made on the way in which the case was given to the jury. The charge was plain and fair. It presented the opposing claims of the parties in a distinct and lucid manner and covered the whole ground. The criticism upon it seems to the court entirely devoid of merit, whilst the requests not met by it were either futile or inaccurate.

There is no error and the judgment must be affirmed with costs.

The other Justices concurred.