EDWIN A. NORTON *vs.* LUCY BAXTER, and another, impleaded, etc.

July 2, 1889.

Pledge—Tender of Payment of Debt after Maturity.—A sufficient tender of payment of a debt, although made *after* maturity, the same being refused without good reason, discharges the lien of the creditor upon property held in pledge as security for the debt.

Same — Refusal of Tender — Rights of Purchaser from Pledgor.—A tender by the pledgor having been refused without sufficient reason, the pledgee loses his right to retain the pledge as against one who has, subsequent to the making of the pledge, acquired rights in the property, although the pledgor did not keep his tender good.

Same — Colorable Sale by Pledgee. — A merely colorable and pretended sale of pledged property by the pledgee does not affect the rights of the pledgor as against one not standing in the position of a *bona fide* purchaser.

Appeal by defendants Lucy and Stephen H. Baxter from a judgment of the district court for Hennepin county, where the action was tried by *Hicks*, J.

*Noxon & Benton*, for appellants.

*Chas. J. Bartleson* and *Brooks & Hendrix*, for respondent.

DICKINSON, J.  This is an action to foreclose a mortgage upon a lot of land, designated as lot 14, executed by the defendants Tousley and wife to the plaintiff, in August, 1887, and to bar or enjoin these appellants Lucy Baxter and Stephen H. Baxter from proceeding to enforce an earlier mortgage, executed by one Nye, in 1886, under circumstances to be hereafter referred to.  This appeal by the two defendants just named is from a judgment granting that relief.  The mortgage last referred to, which the appellants claim the right to enforce as the earlier lien, was executed under these circumstances: September 20, 1886, Tousley and wife conveyed several lots of land, including this lot 14, to one Nye, without consideration, and for the use and benefit of the grantor, Tousley.  The same day Nye gave to Tousley her (Nye's) promissory note for $2,500, for the accommoda-

tion only of the payee, and executed to him a mortgage upon the same land, in terms securing the payment of the note. Subsequently, prior to Tousley's mortgage to the plaintiff, Nye reconveyed the property to Tousley. While Tousley held the accommodation note of Nye and the mortgage securing it, in October, 1886, he borrowed $700 from the defendant Stephen H. Baxter and a brother, William Baxter, giving to them his note therefor, payable to the defendant Lucy Baxter. As collateral security Tousley executed an assignment to Lucy Baxter of the Nye note and mortgage, and delivered it to the Baxter brothers. Lucy Baxter had no interest in this transaction, and knew nothing of it, her name being employed for the benefit of the brothers. An agreement accompanied the assigned note and mortgage, authorizing the sale of the pledge after notice, upon default of Tousley to pay the debt secured thereby. June 22, 1888, W. H. Baxter, assuming to act in behalf of Lucy, after notice to Tousley, offered the pledged note and mortgage for sale at auction. Tousley bid $800 for it, and no other *bona fide* bid was made; but the note and mortgage were struck off to one Prouty at $817. The securities were then assigned to him, although he paid nothing therefor, and he reassigned the same to Stephen H. Baxter. June 29, 1888, Tousley tendered to the Baxter brothers, who then had possession of the Nye note and mortgage, and to Stephen H. Baxter, the sum of $820 in payment of his own note, which the Nye note and mortgage had been pledged to secure. This tender was sufficient in amount to pay his debt. The tender was refused.

The pretended sale of the pledged securities to Prouty, and the assignment of the same to him, and by him to Stephen H. Baxter, were not effectual as a sale of the securities so as to extinguish or prejudice the previously existing rights of the pledgor. The general property in the pledge remained in the pledgor after as well as before default. The default of the pledgor to pay his debt at maturity in no way affected the nature of the pledgee's rights concerning the property, except that he then became entitled to proceed to make the securities available in the manner prescribed by law or by the terms of the contract. It is not the case of a defeasible title becoming absolute at law by default in the performance of the prescribed condition.

The property was held as security before default. It was held only as security after default. The pledgee was authorized to sell the securities, and by a sale in good faith the pledgor would have been divested of his property. But the pledgee could not give it away, so as to affect the rights of the pledgor, nor could a pretended and merely colorable sale, without consideration, divest the pledgor of his rights as such, or confer upon the pretended purchaser any greater interest than that held by the pledgee.

The question which the appellants now present is whether, upon tender of payment of the principal debt, the pledged note and mortgage ceased to be available and enforceable as collateral securities. It is a general principle that tender of payment of a debt, to secure which personal property has been pledged, discharges the lien, terminating the special property rights of the pledgee. · *Coggs* v. *Bernard,* 2 Ld. Raym. 909, 917; *Ratcliff* v. *Davies,* Cro. Jac. 244; *Hancock* v. *Franklin Insurance Co.,* 114 Mass. 155; *Hathaway* v. *Fall River Nat. Bank,* 131 Mass. 14; *Ball* v. *Stanley,* 5 Yerg. 199, (26 Am. Dec. 263;) *Mitchell* v. *Roberts,* 17 Fed. Rep. 776; *Loughborough* v. *McNevin,* 74 Cal. 250, (14 Pac. Rep. 369, 15 Pac. Rep. 773;) *Ratcliff* v. *Vance,* 2 Const. (S. C.) 239; *Kortright* v. *Cady,* 21 N. Y. 343, (78 Am. Dec. 145;) *Cass* v. *Higenbotam,* 100 N. Y. 248, (3 N. E. Rep. 189;) *Moynahan* v. *Moore,* 9 Mich. 8, (77 Am. Dec. 468;) *Stewart* v. *Brown,* 48 Mich. 383, (12 N. W. Rep. 499.) The appellants concede that while the general rule is that tender of the amount due, at the time it becomes due, discharges the lien of collateral securities, yet contend that such is not the effect of a tender after that time. Such a distinction has been recognized in respect to mortgages, based upon the fact that the legal title has become vested in the mortgagee. No such distinction can be made in the case of bailments of personal property as security. The relations and rights of the parties are unchanged by the occurrence of the default. The pledgee has not even after default the absolute legal title. The character of the bailment is not changed. It is still a pledge, and can be enforced or made available only as such. But the very terms of the contract in this case were that, if the debt should be paid "before the sale of said property," the property should be returned.

The appellants rely, also, upon the fact that, so far as appears, the tender of Tousley was not kept good. There is some conflict in the authorities at the present day as to the necessity for this, in general, in order that the lien of the pledge may be discharged. We deem it unnecessary to determine whether the strict rule of the common law has been modified. It may be conceded for the purposes of this case that upon equitable grounds a pledgor, whose tender has been refused, should not be allowed affirmative relief, especially of an equitable nature, unless he has kept good his tender, or at least comes before the court in an attitude of willingness to pay what is due from him. *Tuthill* v. *Morris*, 81 N. Y. 94. The defendants in this case are not entitled to favor upon equitable grounds. The tender made by Tousley, the common debtor of both parties, was sufficient, and, so far as appears, there was nothing to justify the refusal to accept it or to qualify the strict legal effect of the refusal. After an unauthorized and, as it would seem, a fraudulent sale, Baxter, who was a party to it, refusing to accept from Tousley the payment of his debt, asserts in this action the right to hold and enforce the pledged securities, not merely as securities for his debt of $700, but as his own property, the mortgage being an incumbrance of $2,500, with interest. This plaintiff has not been in default. He owes nothing to the defendants, and is not chargeable with fault because the debtor did not keep his tender good. He, also, is a creditor of Tousley, having mortgage security junior to that which was pledged to the defendants. Tousley, the common debtor, was bound to pay both. The unjustified refusal of Baxter to accept payment was prejudicial to the plaintiff holding the junior mortgage. The pledged note and mortgage of Nye, if released from the pledge, would not, as to the plaintiff, have been available in Tousley's hands as a senior incumbrance upon the land, having been executed for the accommodation of Tousley. In view of the relations between the plaintiff and Baxter, there appears to be nothing to modify the strict rule of the common law that a tender of payment of the debt discharges the pledge, so far, at least, as it affects the plaintiff. Of course, the debt of Tousley was not thus discharged.

Judgment affirmed.