JOSEPH P. FRENZER v. JAMES RICHARDS.

FILED APRIL 4, 1900.   No. 9,183.

|    |    |
|----|----|
| 60 | 131 |
| 62 | 94 |

1. **Assignment of Error: INSTRUCTIONS.** An assignment of error directed against a group of instructions will be considered no further than to ascertain that one of the instructions complained of, was properly given.

2. **Verdict: INSTRUCTIONS: ASSIGNMENT OF ERROR: REVIEW.** Where the error in the giving of instructions is not so assigned that it can be reviewed, a verdict in accord with such instructions must be permitted to stand.

3. **Usury:** Borrower: Tender of Principal: Pledge: Right of Possession. A borrower under an usurious contract who pledged property as security for the loan and who has paid or tendered the principal of the loan, is entitled to the possession of the property pledged, divested of the lien.

Error to the district court for Douglas county. Tried below before Slabaugh, J. *Affirmed.*

*Clair & Cowles* and *C. S. Lobingier,* for plaintiff in error.

*B. G. Burbank, contra.*

Sullivan, J.

James Richards sued Joseph P. Frenzer to recover the possession of specific chattels. The order of delivery was not executed, and the action, proceeding as one for damages only, resulted in a verdict and judgment in favor of the plaintiff. The property in controversy was certain jewelry which Richards deposited with Frenzer as security for a loan of $150. Whether the money loaned belonged to the defendant or to one Dr. Roy, is a matter involved in considerable doubt. It is certain, however, that the jewelry was held by Frenzer and that the interest payments, amounting to five per cent per month, were made to him. After a large amount of usurious interest had been paid, the rights of Dr. Roy, if he had any, were transferred to Mrs. Hitchcock; but the custody of the pledge was not changed. The plaintiff paid the defendant $126 as interest. He tendered him $24 more and then brought suit to recover possession of the jewelry. The principal contention of the defendant is that he was a mere agent of both Roy and Hitchcock, and that his agency had been terminated before the offer to pay the last $24 was made. The plaintiff insists that he had no business relations at any time with either Dr. Roy or Mrs. Hitchcock, and that from the beginning to the end of the transaction he dealt with Frenzer as the lender of the $150 and the pledgee of the property. It is conceded by

counsel for defendant that the jury, under the instructions of the court, were warranted in finding in favor of the plaintiff, but he earnestly insists that the instructions were erroneous and that the judgment should be, therefore, reversed.

In the motion for a new trial, the fifth specification is as follows: "The court erred in giving the first, second, third and fourth instructions which he gave on his own motion." One of these instructions related to the burden of proof, was favorable to the defendant, and was obviously correct. The trial court was not bound to examine the other instructions covered by the assignment and we are not at liberty to do so. Such is the rule established by our decisions. *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Nebr., 68; *Graham v. Frazier*, 49 Nebr., 90; *Flower v. Nichols*, 55 Nebr., 314; *McIntyre v. Union P. R. Co.*, 56 Nebr., 587; *Spirk v. Chicago, B. & Q. R. Co.*, 57 Nebr., 565. In *Johnston v. Milwaukee & Wyoming Investment Co., supra*, it is said: "Errors in respect to giving instructions must be separately assigned in the motion for new trial. If assigned in group, and any one of the group against which the assignment is directed is without error, the assignment must be overruled." In view of the condition of the record, the charge of the court is to be regarded as the law of the case (*World Mutual Benefit Ass'n. v. Worthing*, 59 Nebr., 587); and the verdict being in accordance therewith, must be permitted to stand. We have read the evidence and are of opinion that there is no just ground for the claim that it is insufficient to sustain the verdict. Defendant's own testimony shows that the plaintiff had a contract right to make all payments to him.

The contention that an action to recover possession of the jewelry, or damages for its conversion, would not lie without a tender or payment of legal interest on the loan, can not be sustained. The provision of the interest law relating to usurious contracts is as follows: "If a greater rate of interest than is hereinbefore allowed shall be con-

tracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid." Compiled Statutes, 1899, ch. 44, sec. 5. It has been frequently held in other jurisdictions, and it is the law of this state (*Eiseman v. Gallagher*, 24 Nebr., 79), that a borrower will not be given affirmative relief against the lender in a court of equity, unless he has first paid or tendered the amount of the loan with legal interest. These decisions are grounded on the maxim that he who seeks equity must do equity. 1 Pomeroy, Equity Jurisprudence, sec. 391. This maxim does not control courts in the enforcement of legal rights by legal remedies. Courts of law never impose conditions on suitors which the law does not prescribe. When a borrower of money has paid on an usurious contract the full amount borrowed, he owes nothing more. The lender is entitled to receive nothing more; the debt is paid, and, in contemplation of law, the contract is discharged. When the debt is paid, the mortgage or other security held by the lender is extinguished (*Knox v. Williams*, 24 Nebr., 630); and a proper tender is, of course, equivalent to payment. *Norton v. Baxter*, 41 Minn., 146; *Stewart v. Brown*, 48 Mich., 383. The true construction of section 5 aforesaid is that payment of the principal of the loan satisfies the contract and destroys its vitality. It can not afterwards be employed either for attack or defense. The law will not permit a pledgee to hold property as security for a debt which has been paid. The security can not survive the debt. On the merits, as well as for technical reasons, the judgment should be

AFFIRMED.