## Henry Schwartz, Defendant in Error, v. Chicago State Pawners Society, Plaintiff in Error.

### Gen. No. 20,667.

1. PLEDGES, § 42*—*when refusal to return pledged property is conversion.* Where a defendant refuses to surrender pledged property upon proper demand and a proper tender of the amount due, there is a wrongful act amounting to a conversion, and a statement of claim alleging such facts states, in substance, a cause of action in trover.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what are essentials of statement of claim.* It is immaterial what name a plaintiff in the Municipal Court may give to his action, and if the statement of claim shows a cause of action in tort, it will be treated as such.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. PAWNBROKERS AND SECONDHAND DEALERS, § 3*—*when pawn tickets are prima facie evidence.* In a suit to recover the value of pledged property which the pledgee refused to surrender, where the pawn tickets recited that the pledged property was to be delivered to any person presenting the tickets, the production of such tickets was prima facie evidence of the plaintiff's title, and when the plaintiff testified that he was the owner of the pledged property it was immaterial whether the pawn tickets were negotiable.

4. PLEDGES, § 22*—*when effect of tender cannot be avoided.* Where a pledgor of property offered to pay the amount of money loaned with interest, and the pledgee refused such amount on the ground that interest for another month was due, such pledgee could not subsequently avoid the effect of the pledgor's tender on the ground that one day's interest should have been included, and the tender was therefore insufficient.

5. PLEDGES, § 22*—*what is effect of tender.* Where a pledgor of property tendered the amount due to redeem the pledge and demanded the property, the pledgee's lien upon such property was extinguished and its retention of the same thereafter was unauthorized and unlawful, amounting to a conversion, and such result was not affected by the pledgor's failure to keep his tender good.

6. PAWNBROKERS AND SECONDHAND DEALERS, § 3*—*what is effect of restriction of liability printed on pawn ticket.* A provision of a contract printed on a pawn ticket, limiting the pledgee's liability for loss or damage to twenty-five per cent. more than the loan, does not apply to a case of conversion, but to loss occurring from negligence or accident.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

LITZINGER, McGURN & REID, for plaintiff in error.

BERNARD J. BROWN, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This suit was brought in the Municipal Court to recover the value of three diamonds upon which the defendant company had made a loan, and which defendant refused to deliver to the plaintiff upon demand and a tender of the amount due.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It appears from the evidence that on November 25, 1912, one Miller deposited a diamond with the defendant as security for a loan of one hundred dollars, and on the same day, one Neiss also pledged a diamond ring and a loose diamond as security for a loan of two hundred and fifty dollars. Defendant issued its pawn tickets to the borrowers by name. Each of these tickets describes the property pawned and the amount loaned thereon, states that the interest is "one and one-half per cent. per· month, can be paid monthly," that the loans are due in one month, with a privilege of renewal on payment of accrued interest within one year thereafter, that the property so pledged "may be delivered to any person presenting this pawn ticket," and that the Pawners Society "shall not be liable for loss or damage in any event for more than twenty-five per cent. in addition to the amount loaned." It further appears that the diamonds were the property of the plaintiff and that he held the pawn tickets; that on May 26, 1913, after the loans had run six months and one day, plaintiff presented the tickets to defendant at its office, and tendered it in cash the amount of the loans with interest thereon for six months. The president of the defendant company refused the tender upon the ground that defendant was entitled to another month's interest because the loans had run one day more than six months. The plaintiff refused to pay the additional month's interest demanded and this suit followed. Upon a trial before the court without a jury, a judgment was rendered in favor of the plaintiff for $449.92, being the value of the diamonds less the amount tendered, together with interest on the remainder at five per cent. The defendant sued out this writ of error.

The defendant contends, first, that as this action was brought as a fourth-class case "in contract" the plaintiff is not entitled to recover in his own name because, it is said, the pawn tickets are the only evidence of

the contract and are not negotiable instruments; second, the alleged tender was insufficient, because it was not for the exact amount due, was not kept good, and was not unconditional; third, the judgment exceeds the limit of the liability of defendant as expressed in the contract. We think none of these contentions is well founded.

The plaintiff's statement of claim states, in substance, a cause of action in trover. The refusal of defendant to surrender the pledged property upon a proper demand and a proper tender of the amount due was a wrongful act amounting to a conversion. It is immaterial what name a plaintiff in the Municipal Court may give to his action. If the statement of claim shows a cause of action in tort, it will be treated as such (*Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311). The pawn tickets in this case recite upon their face that the pledged property may be delivered to any person presenting the tickets. The production of the tickets was therefore prima facie evidence of the plaintiff's title, and there is no evidence to overcome this presumption. Moreover, the plaintiff testified that he was the owner of the diamonds as well as the tickets. Whether such tickets are or are not negotiable, therefore, is an immaterial question in this case.

As to the question of tender, while it is true that the amount tendered on May 26, 1913, was seventeen and one-half cents less than the actual amount due at that time, yet the defendant did not place its refusal upon that ground. It refused upon the ground that because one day of another month had elapsed, it was entitled to a full month's additional interest. Having placed its refusal upon that ground, which was clearly unauthorized, we think it could not afterwards avoid the effect of such tender merely on the ground that it was seventeen and one-half cents less than it should have been.

This tender and refusal instantly extinguished the defendant's lien upon the property, and its retention of the same thereafter was unauthorized and unlawful, and amounted to a conversion; and this result was not affected by the plaintiff's failure (if he did fail) to keep his tender good. *McPherson v. James,* 69 Ill. App. 337; *Norton v. Baxter,* 41 Minn. 146; *Mitchell v. Roberts,* 17 Fed. 776; *Loughborough v. McNevin,* 74 Cal. 250; 31 Cyc. 852. There were no conditions attached to the tender. The purpose of the tender was to redeem the pledge, and a demand for the return of the pledged property did not make the tender conditional.

As to the third contention, we are of the opinion that the provision of the contracts limiting the pledgee's liability to twenty-five per cent. more than the loan was not intended to apply to a case of conversion, but was intended to cover loss or damage to the property occurring from the defendant's negligence or by accident.

Finding no reversible error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*